## Village of Marysville v. Peter W. Schoonover, for the use of Schoonover & Co.

1. CITIES AND VILLAGES—*Power to Contract Indebtedness.*—Villages incorporated under the provisions of the general law are powerless to contract any indebtedness to be paid for out of the general funds of the village except in accordance with the authority conferred upon them by that law.

2. SAME—*Contracts Prior to Appropriations.*—Villages incorporated

under the general law can not make a binding contract to build a sidewalk, either express or implied, to be paid for out of the general funds of the village without first having made an appropriation, as provided in the organic law.

3.  SAME—*Contractors to Take Notice.*—A person who contracts with a village is chargeable with knowledge of the want of power to make a contract to build a sidewalk so as to enable him to compel payment for same out of the general funds of the city, unless an appropriation to pay for the same has been made by them for that purpose.

4.  BURDEN OF PROOF—*Village Orders on Special Assessment Funds.*—Where an order on the village treasurer is offered in evidence showing on its face that it is payable out of money in the treasury from a special assessment tax, it devolves upon the plaintiff to show, before he can recover, that there is money in the treasury to pay his order arising from such special assessment tax.

Assumpsit.—Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

WILSON & BUCKINGHAM, attorneys for appellant.

KIMBROUGH & MEEKS, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit, brought by the appellee in the Circuit Court of Vermilion County, against the appellant, and upon trial by the court without a jury, resulting in a finding for the appellee of $778.31, upon which judgment was rendered. The appellant brings the case to this court by appeal, and urges as grounds for reversal of the judgment, that the court admitted improper evidence for the appellee, and that the finding and judgment is contrary to the law and evidence. The declaration contained the common counts and a special count upon a warrant issued by the appellant to the appellee. The appellant pleaded the general issue, upon which plea issue was joined.

The evidence disclosed that the president and board of trustees of the village of Marysville passed an ordinance for the construction of concrete sidewalks on certain streets of

that village, to be paid for wholly by special taxation of the lots abutting upon the streets in front of which the sidewalk was built; the ordinance provided that the owner or owners of such lots should build such sidewalk in front of their lot or lots within thirty days after the publication of the ordinance, and in default thereof such sidewalk should be constructed by the city, and the cost thereof collected from the delinquent lots by special taxation. The ordinance further provided for the manner in which the village would proceed to construct such sidewalk, where the lot owners failed to do so, and the manner in which it would levy and collect the cost of such sidewalk so constructed by it, from delinquent lots. The ordinance was passed under the provisions of the act of 1875, known as the "sidewalk act." Some of the lot owners built the sidewalk along their lots, and others failing to do so, the village trustees procured the appellee to build the sidewalk along the delinquent lots, which was done satisfactorily to the trustees. By reason of the failure of certain officers of the village to take the necessary steps provided for by said ordinance and said act of 1875, the County Court of Vermilion County refused to confirm the special tax levied against the delinquent lots for the costs of the sidewalk, and thereafter the village trustees did nothing further toward raising a fund to pay for the building of the sidewalk along the delinquent lots. There was issued to the appellee, by order of the board of trustees of the village of Marysville, for the sidewalks so built by him, at their request, an order in his favor upon the treasurer of the village for $1,060.66, "to be paid out of money to be paid in the treasury, not otherwise appropriated, from special assessment tax to be collected on or before June 10, 1896," the order being signed by the president and clerk of the village. The evidence showed that the price agreed upon by the appellant and the appellee for the cost of the sidewalk built was $1,060.66, but that some of the sidewalk so built was outside of the corporate limits of the village, that within the village amounting to $778.31. The cost of this sidewalk was the only claim that the appel-

lee showed he had against the appellant, and is the one upon which the finding and judgment of the Circuit Court is based. There was no evidence in the case that the president and board of trustees of the village of Marysville had made any appropriation for the cost of building the sidewalk in question out of the general funds of the village, before the sidewalk was contracted to be built, as is provided by sections 90, 91 and 92, chapter 24, entitled, " Cities, Villages and Towns," Starr & Curtis' Ill. Statutes, pp. 726–728.

The village of Marysville being incorporated under the provisions of that chapter, its president and board of trustees were powerless to contract any indebtedness to be paid for out of the general funds of the village, except in accordance with the authority conferred upon them by that organic act; and certainly without such appropriation they could not make such a contract, either express or implied, that would be binding, since they are expressly forbidden to do so by that act. City of Chicago v. Shober, etc., Lith. Co., 6 Ill. App. 560.

The appellee, when he contracted with the village trustees to build the sidewalk, is charged with the knowledge of the want of power in the president and board of trustees to make a contract to build a sidewalk unless an appropriation to pay for same was first made by them so as to enable him to compel payment for same out of the general funds of the city. Dillon on Municipal Corporations, Sec. 55.

The order of the appellant to the appellee on the village treasurer, offered in evidence by the appellee, on its face showing that it was payable out of money in the treasury from special assessment tax, it devolved upon the appellee to show, before he could recover on it, that there was money in the treasury to pay his order from special assessment tax, which was not done, but on the contrary the evidence showed no such money had been collected by the village.

As to the rulings of the court on the admission of evidence, we find no error was committed that was prejudical to the appellant.

There being no evidence that there had been an appro-

priation for the cost of building the sidewalk in question before it was contracted to be built, and no proof that there was in the treasury of the village any money arising from special assessment tax to pay the order in evidence, in accordance with its express terms, the appellee failed to make out a cause of action, and hence the finding and judgment are contrary to the law and evidence, for which reason we reverse the judgment appealed from and remand the case for a new trial. Reversed and remanded.