Galion Iron Works and Manufacturing Company, Appellee, v. City of Georgetown, Illinois, Appellant.

Gen. No. 9,402.

Heard in this court at the February term, 1944. Opinion filed April 12, 1944.

RAY M. FOREMAN and EVERETT L. DALBEY, both of Danville, for appellant.

DYER & DYER, of Hoopeston, for appellee; CHARLES F. DYER, of Hoopeston, of counsel.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This suit was brought against the City of Georgetown to recover for the alleged rental of a road grader owned by plaintiff.

The complaint alleged that the grader had been delivered by plaintiff to defendant at defendant's request on August 6, 1937; that it had been used by defendant from August 6, 1937, to May 4, 1939, in the repair, improvement and upkeep of defendant's

streets, and that the reasonable value of such use during this period amounted to the sum of $2,400.

Defendant's answer denied that such grader was delivered at the request of defendant, and denied that the city had used such grader as charged. The answer alleged that the city did not at any time lease, borrow, rent or use the grader; that the city had not at any time entered into any contract, either expressed or implied, for the use thereof; that the grader was delivered to the city pursuant to an alleged but void contract of purchase; that a resolution for the purchase adopted by the city council, provided that the contract was to be signed by the mayor and the city clerk; that no previous appropriation had been made by defendant for such purchase; and that the mayor refused to sign such contract because no appropriation had been made. The answer further alleged that a petition for mandamus had been previously filed by plaintiff against the mayor to compel him to sign a warrant which had been issued to make the first payment on said grader, that a judgment had been rendered in such suit in favor of the defendant, and that such judgment constituted a full and complete bar to the relief prayed for in the present complaint.

The case was heard by the trial court without a jury, upon a stipulation of facts and some oral evidence. Judgment was entered against the defendant for $2,100. Defendant appeals.

On July 20, 1937, a resolution was passed by the city council which provided for the purchase from plaintiff of a grader at a price of $3,800. About August 6, 1937, plaintiff delivered the grader in question to "certain members" of the city council. Thereafter, "from time to time," the grader was used upon the streets and alleys of defendant, contrary to the wishes and over the protest of the mayor.

On October 5, 1937, the city council passed a resolution which provided for the payment of $760 "as the

first payment'' on such grader. On January 4, 1938, a mandamus proceeding was brought by plaintiff and against the mayor to compel him to sign a warrant drawn for such attempted payment of $760. On May 6, 1940, final judgment was entered in favor of the defendant in such mandamus proceeding.

On April 18, 1939, a motion was passed by the city council which provided that the grader should not be operated in the city. Sometime thereafter, and in the year 1939, the plaintiff took back the grader, and on August 9, 1940, brought this suit to recover the reasonable value of the use thereof based on an alleged implied contract.

A witness for the plaintiff testified that the fair rental value of the grader was $150 per month, but that the plaintiff was asking $100 per month. Defendant offered no evidence as to the rental value.

The annual appropriation ordinances of the city for the years 1936–1940 contained only the following material items:

| | | |
|---|---|---|
| 1936–7 | ''Building and repairing streets and alleys | $1000.'' |
| 1937–8 | ''Building and repairing streets and alleys | $1000.'' |
| 1938–9 | ''Payments on street grader | $1800.'' |
| | ''Labor on streets and alleys | $1000.'' |
| 1939–40 | ''Building and repairing streets and alleys | $3500.'' |

It was stipulated that no public bids were ever sought, and that no appropriation ordinance was passed, for the purchase of any grader; that no express contract was ever entered into between the parties for the use of such grader, and that such use ''was not done or had . . . pursuant to the provisions of'' sections (pars.) 104 and 319 of ch. 24 of the Ill. Rev. Stat. of 1937.

A witness for the plaintiff testified that he was the distributing agent of plaintiff and as such deliv-

ered the grader; that during the period for which a rental is sought to be recovered he observed the grader on an average of about once a month and saw that it was given hard usage, and was badly damaged from the elements and weather; that the blades were worn through, and plaintiff sent new blades which defendant paid for. He further testified that the mayor from time to time objected to the use of the grader.

Defendant contends that the judgment in the mandamus proceeding is *res judicata* of the issues in the present suit. On the record as presented, it appears that in such mandamus proceeding the trial court merely found the issues for the defendant mayor. We do not consider that *res judicata* has been shown.

Defendant next contends that the proceedings for the attempted sale and purchase were void, and that the city could not be required to pay for the purchase of the grader, because no appropriation was ever made for such purchase. We agree with this contention. The defendant does not here contend otherwise.

Paragraph 101 (sec. 2, Art. 7) of ch. 24 of the Ill. Rev. Stat. of 1937 provides that the city council shall, within the first quarter of each fiscal year, pass an annual appropriation ordinance, in which such city council may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of the city, and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. Paragraph 104 (sec. 4, Art. 7) of such statute provides that no contract shall be made by the city council, or any committee or member thereof, and no expense shall be incurred by any of the officers or departments of the corporation, "unless an appropriation shall have been previously made concerning such expense, . . . ."

In *Roemheld v. City of Chicago*, 231 Ill. 467, the court said: "Where there is a statute or ordinance

prescribing the method by which an officer or agent of a municipal corporation may bind the municipality by contract, that method must be followed, and there can be no implied contract or implied liability of such municipality. Where the agents of a city are restricted by law as to the method of contracting, the city cannot be bound otherwise than by a compliance with the conditions prescribed for the exercise of the power. . . . The performance of work or furnishing material for a city and the acceptance of the resulting benefits will not render it liable to pay if the work was not authorized. The fact that the labor is beneficial will not create a liability.''

In *DeKam v. City of Streator,* 316 Ill. 123, the court held void and incapable of ratification a contract entered into between a city and an engineer because a prior appropriation had not been made for that purpose. At page 129 of its opinion the court said: ''A contract expressly prohibited by a valid statute is void. This proposition has no exception, for the law cannot at the same time prohibit a contract and enforce it. The prohibition of the legislature cannot be disregarded by the courts.'' The question was also raised in the *DeKam* case whether the city could be estopped to deny the validity of the plaintiff's alleged contract because the engineer had already completed his work and such work was beneficial to the city. The court in disposing of this contention said at page 136: ''The city cannot be estopped to dispute the validity of a contract which it had no power to make, for the reason that it has received the consideration. 'Everyone is presumed to know the extent of the powers of a municipal corporation, and it cannot be estopped to aver its incapacity, which would amount to conferring power to do unauthorized acts simply because it has done them and received the consideration stipulated for.' ''

The next and crucial question presented is whether, under the particular facts and circumstances of this case, the plaintiff can now recover on a *quantum meruit* for such use of the grader.

In *Hope v. City of Alton,* 214 Ill. 102, it was held that an attorney could not recover for services rendered the city because a city ordinance expressly prohibited any such employment. In each of the following cases it was held that no recovery could be had because no appropriation ordinance had been passed: *May v. City of Chicago,* 222 Ill. 595; *Gathemann v. City of Chicago,* 263 Ill. 292, and *Harry Goldstine Realty Co. v. City of Chicago,* 306 Ill. App. 556, in each of which a claim was made by an employee for extra services; *Arnold v. Village of Ina,* 244 Ill. App. 239, in which it appears the claimant had constructed culverts at the request of the mayor; and *Selby v. Village of Winfield,* 255 Ill. App. 67, in which recovery was sought for engineering services. (See also, *Coles County v. Messer,* 195 Ill. 540, and *Village of Marysville v. Schoonover,* 78 Ill. App. 189.)

Inasmuch as in the foregoing cases the claimants were not permitted to have any recovery for the skill, labor and materials which the municipality had used and had the benefit of, it is our opinion that in the instant case plaintiff is not entitled to any recovery for the use of the grader. In legal effect we can see no distinction between the appropriation by the city of the skill, labor and materials involved in the foregoing cases, and the appropriation by the city of the use of the road grader in question.

The plaintiff and the city officials are presumed to have known that the law required an appropriation in order to effect a valid sale. Notwithstanding such knowledge, and without any appropriation having been made for the purchase of any grader, the plaintiff and some of the city officials attempted to con-

summate a sale by the delivery and acceptance of the grader and by its use thereafter with the knowledge and apparent approval of the plaintiff. Such use was based on, grew out of and was a part of the attempted sale. Obviously it was not the intention of any one that there should be any contract of rental. The plaintiff by means of the mandamus proceeding attempted to collect the purchase price on such unlawful sale, and persisted in its attempt to override the law by the prosecution of such mandamus proceeding until final judgment was entered therein on May 6, 1940, which was about one year after the expiration of the period of use which is sued for. After final judgment was entered in the mandamus proceeding, and apparently as an after thought the plaintiff instituted this suit. To now permit the plaintiff to have a recovery, would be to permit it to do indirectly what it could not lawfully do directly, and would permit the plaintiff to profit from its own unlawful acts. The law furnishes no relief to parties under such circumstances, but leaves them where it finds them. (See *Boddie v. Brewer & Hofmann Brewing Co.,* 204 Ill. 352; *Shaffer v. Pinchback,* 133 Ill. 410, and *People v. Wiersema State Bank,* 361 Ill. 75.)

Plaintiff cites *City of Elgin v. Joslyn,* 136 Ill. 525, and *Shoenberger v. City of Elgin,* 164 Ill. 80. In the *City of Elgin* case, the plaintiff performed certain work for the defendant and after he had finished, left in the hands of the city certain tools and machinery which were destroyed by the city in completing the work. Plaintiff was permitted to recover on these items. There was no question raised in that case as to the validity of the principal contract between plaintiff and defendant, and the only question was whether defendant could be held liable for its wrongful conduct in appropriating plaintiff's goods to its own use. There was a similar wrongful appropriation of prop-

erty by the defendant city in the *Shoenberger* case. We do not consider such cases in point.

Plaintiff makes the further contention that because the defendant's answer did not affirmatively allege that defendant had failed to pass any appropriation ordinance for the rental of plaintiff's grader, defendant should not have been permitted to introduce these facts in evidence by means of the stipulation. We consider it a sufficient answer to say that the only objection made by plaintiff to the introduction of this stipulation in evidence was on the ground that certain facts set forth in the stipulation were irrelevant and immaterial, which objection the trial court overruled. If there was a variance between defendant's answer and the evidence introduced by it in the stipulation, this should have been specifically pointed out by the plaintiff at the trial so that the variance could have been obviated by amendment if necessary. The general objection made by plaintiff was not sufficient for this purpose. (*Carney v. Marquette Third Vein Coal Min. Co.*, 260 Ill. 220.)

We consider as immaterial the fact that the city indirectly received some revenue (the amount of which is not shown) from the State Motor Fuel Tax Fund by reason of the grader having been used on arterial streets.

Under the facts presented in this case it is our opinion, and we find that the plaintiff is not entitled to any recovery herein. The judgment of the trial court is reversed.

*Reversed.*