NEWBERG-KRUG-BRIGHTON, Plaintiff-Appellant, v. THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Defendant-Appellee.

Second District   No. 77-326

Opinion filed September 7, 1978.—Rehearing denied October 11, 1978.

Edward M. White, of Carey, Filter & White, of Chicago, and Harry Brostoff, of Oak Brook, for appellant.

William J. Scott, Attorney General, of Oak Brook (Tanya Dietrich and John R. Lavery, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Newberg-Krug-Brighton (hereinafter referred to as Newberg), a joint venture consisting of three corporations, filed a two-count complaint against the Illinois State Toll Highway Authority (the Authority) for damages arising from an alleged breach of contract in connection with the construction of portions of the East-West Tollway extension. After the underlying action for breach of contract was commenced, attorneys for Newberg and the Authority entered into negotiations and on July 30, 1976, a compromise settlement of their dispute proposed by Newberg was presented to the Authority for its acceptance. A resolution approving the settlement and authorizing and directing the Authority's legal department to execute "any and all documents necessary to effectuate the settlement" was unanimously adopted by the board of directors of the Authority. The Authority thereafter took no further action to carry out the settlement, however, and Newberg then amended its complaint to add a third count based upon the alleged settlement agreement. The Authority's motion to dismiss count III was granted by the trial court and Newberg appeals. Although the trial court did not state the basis for its ruling, the Authority alleged in its motion and argues on appeal that the resolution it adopted did not create a binding contract and, further, that count III did not state a cause of action as Newberg failed to allege therein that the Attorney General had approved the settlement sought to be made by the Authority and Newberg.

The issue before this court on appeal is whether the trial court correctly dismissed count III of Newberg's amended complaint as not stating a cause of action on the grounds asserted by the Attorney General on behalf of the Authority. In examining this issue we must necessarily consider the authority of the Attorney General in his statutory and constitutional roles as well as the validity and effect of the Authority's resolution.

The Authority argues that Newberg's complaint was insufficient because it failed to allege that the Attorney General had approved the settlement contract which approval, it contends, is a condition precedent to the formation of any valid contract to which the Authority is a party. Sections 3 and 8 of "An act in relation to the construction, operation, regulation and maintenance of * * * toll highways * * *" (Ill. Rev. Stat. 1975, ch. 121, pars. 100—3, 100—8) (hereinafter referred to as the Toll Highway Act) confer upon the Authority, acting through its board of directors, the power to contract and be contracted with and to adopt resolutions to carry out the purposes of the Act. Section 15 names the Attorney General legal advisor to the Authority and provides he shall act as attorney for the Authority "in all of its transactions, and * * * represent the Authority in all of its litigation, and * * * examine and approve all contracts * * * or obligations entered into by the Authority, as to their form and constitutionality prior to their execution and delivery." Ill. Rev. Stat. 1975, ch. 121, par. 100—15.

In presenting the settlement offer made by Newberg to the Authority at a meeting of its directors, counsel for the Authority, an assistant Attorney General, informed the directors that the attorneys for both parties had reached a settlement figure which Newberg would accept to settle the lawsuit. He then presented to the board of directors for consideration a draft resolution which provided for dismissal of the pending litigation between the parties on payment of $2,750,000 to Newberg. The resolution was unanimously adopted by the board of directors.

In his brief and argument the Attorney General contends that section 15 confers upon him an absolute right to disapprove, without limitation, any contract into which the Authority desires to enter and that Newberg must, therefore, affirmatively plead that the Attorney General has approved the contract in order to state a cause of action. We disagree with this broad interpretation of section 15 of the Toll Highway Act.

■■■ A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259; see Ill. Rev. Stat. 1975, ch. 110, par. 45.) While it is apparent that at some time after the adoption of the resolution by the Authority the Attorney General determined that the agreement should not be carried out, the record of this case does not indicate in any way what basis he may have to disapprove the settlement agreement with Newberg. Section 15 authorizes and obliges the Attorney General in his representation of the Authority as its legal advisor to consider its contracts as to their *form and constitutionality*. The statute does not confer upon the Attorney General an all-inclusive right to disapprove actions undertaken by the Authority pursuant to the powers granted to it by the General Assembly. The motion to dismiss does not

suggest that the action taken by the Authority by its resolution suffered from either form or constitutional disabilities and does not, therefore, present a statutory basis for dismissal of count III of the complaint.

■■ ■ Additionally, the Attorney General argues that his role as legal officer for the State and its departments and agencies confers upon him the right to control the litigation of the Authority and, therefore, the right to approve any compromise or agreement sought to be entered into by the Authority in settlement of litigation to which it is a party. Under the Illinois Constitution the Attorney General is the legal officer for the State and has not only those duties and powers prescribed by law but also the common law authority traditionally held by the Attorney General. (Ill. Const. 1970, art. V, §15; *Fergus v. Russel* (1915), 270 Ill. 304, 110 N.E. 130; *Department of Mental Health v. Coty* (1967), 38 Ill. 2d 602, 232 N.E.2d 686.) He has the authority to direct the *legal affairs* of the State (*Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394, 372 N.E.2d 50), but his responsibilities in that regard do not, however, authorize him to arbitrarily interfere with the exercise of powers conferred upon a State agency by the General Assembly. In this case the Attorney General has not suggested by his motion to dismiss count III of the complaint any basis upon which he seeks to direct the course of this litigation. It is not essential to the legal sufficiency of the cause of action sought to be pleaded in count III that Newberg affirmatively plead either the Attorney General's approval of the settlement agreement or his acquiescence in the course of action sought to be taken by the Authority. On remand, if the Authority or the Attorney General so chooses, they may assert by an appropriate responsive pleading any lawful basis which may exist by reason of which the settlement between the Authority and Newberg may not be carried out and, of course, this response may reach both matters relating to the form and constitutionality of the alleged settlement contract under section 15 of the Toll Highway Act or any matter, such as fraud, which would require the Attorney General to exercise his authority as director of the State's legal affairs.

■■ The Authority also contends its adoption of the resolution did not create a binding contract with Newberg because by its terms it authorized and directed the legal department of the Authority to execute any documents necessary to effectuate the settlement. The Attorney General suggests, therefore, that a contract cannot come in to existence until the legal department has acted and that it did not do so. We find this to be a slender thread upon which to base the broad authority sought by the Authority's legal department. We note the resolution also authorized and directed its administrator of finance to issue a warrant to Newberg in the compromise sum. We do not believe the existence of a contract can depend upon whether the finance office has yet executed the warrant.

■■ Whether the Authority's resolution created a binding contract may not be determined by way of its motion to dismiss but the issue should instead be raised by the Authority's response to count III in the trial court. The facts pleaded in the complaint, if true, state a cause of action upon which Newberg would be entitled to relief. The Act does not require that a contract entered into by the Authority be executed by a particular representative of the agency or in a prescribed form before it becomes binding (see *Brophy v. City of Joliet* (1957), 14 Ill. App. 2d 443, 144 N.E.2d 816) nor has the Authority suggested any reason why it lacked the power to contract by adoption of a resolution of its board of directors (see *Brownell Improvement Co. v. Highway Commissioner* (1935), 280 Ill. App. 43; *Galion Iron Works & Manufacturing Co. v. City of Georgetown* (1944), 322 Ill. App. 498, 54 N.E.2d 601). In the absence of an express statutory provision requiring a written contract or the signature of a particular person before such a resolution is binding upon the Authority, the general rule is that the acceptance of an offer by ordinance, resolution or motion creates a contract binding upon both parties. (10 McQuillin, Municipal Corporations §29.03 (3d ed. 1966); 56 Am. Jur. 2d *Municipal Corporations* §497 (1971); *West Chicago Park Commissioners v. Carmody* (1908), 139 Ill. App. 635.) The provisions of this resolution did not require that any particular written document be prepared or act be done before a contract might exist. It approved the settlement and directed the legal department and financial officer to carry it out. These provisions of the resolution did not create a condition precedent to the formation of a contract and may not be a basis for dismissal of count III of the complaint.

The further argument by the Authority that the disputed resolution authorizing the settlement has now been rescinded, thus defeating Newberg's claim, has no support in the record and will not be considered by us. If true, that matter was not presented to the trial court for consideration and appears for the first time in appellee's brief.

We do not preclude the Authority from raising in its response to the amended complaint any matter which may properly be raised, but determine only that the trial court erred in dismissing count III of the amended complaint on the grounds alleged in the motion to dismiss.

For the reasons stated, the judgment of the Circuit Court of Du Page County is hereby reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and GUILD, J., concur.