ALPER SERVICES, INC., *et al.*, Plaintiffs-Appellants, *v.* ROBERT A. WILSON *et al.*, Defendants-Appellees.

First District (5th Division)   No. 79-1584

Opinion filed June 13, 1980.

Epton, Mullin, Segal & Druth, Ltd., of Chicago (Ronald A. Sandler and Byron L. Landau, of counsel), for appellants.

Carey, Filter & White, of Chicago (Edmund P. Boland and Edward M. White, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiffs appeal the order of the trial court denying their request for a preliminary injunction and dismissing various counts of their complaint

for an alleged breach of an employment contract by defendant Wilson.[1] Since this appeal was filed, the trial court's decision with respect to the preliminary injunction has become moot. Nonetheless, the court's order dismissing plaintiffs' complaint remains before us, and we reverse the judgment entered on that order and remand this case for proceedings not inconsistent with this opinion.

Plaintiffs' complaint alleges essentially that defendant Wilson, an executive vice-president of plaintiff Alper Services, Incorporated (hereafter Alper), an insurance agency, breached his contract of employment with Alper by creating his own competing insurance company during the course of his employment with Alper and by soliciting business from Alper accounts during a period of one year after termination of employment with Alper by use of Alper trade secrets in violation of a one-year restrictive covenant. As relief, plaintiffs asked for an injunction, liquidated damages, as prescribed by the employment agreement, for any breaches of the employment contract, an accounting, and such other relief as may be just and equitable.

A number of dates and orders entered on certain dates are important for our discussion of the issues raised in this appeal. On November 4, 1967, Wilson entered into an employment agreement with Alper,[2] in which he agreed not to enter into "any business or employment with or for any other person, firm, association, or corporation, except with the written consent of the Company (Alper)" during the term of the agreement and not to solicit "policies or services provided by the Company (Alper), to any person, firm or entity with whom the Employee (Wilson) was in contact at any time during his employment by the Company" for a period of one year after termination of his employment. On November 8, 1978, Wilson formed Corporate Risk Management, Incorporated, the alleged competing insurance company. On either December 31, 1978, or January 2, 1979, Wilson terminated his employment with Alper.

The court proceedings began on July 13, 1979, when plaintiffs filed their initial complaint in this matter. On August 6, plaintiffs filed a motion for a preliminary injunction against defendants' solicitation of their customers and defendants filed a motion to strike and/or dismiss plaintiffs' complaint. That same day, the Honorable Francis T. Delaney continued a hearing on the two motions until August 23 and entered an order in the nature of a temporary restraining order against defendants'

---

[1] Plaintiffs' complaint consisted of six counts, of which the court dismissed only counts I, II, III, and V. At oral arguments, plaintiffs waived count III and thus, we view this appeal as only involving the trial court's dismissal of counts I, II, and V.

[2] Alper was then known as Alper Agency, Incorporated. Both sides concede that Alper Agency, Incorporated and Alper Services, Incorporated, the named plaintiff, are the same company. Audit Rate, Incorporated, the other named plaintiff, is a wholly owned subsidiary of Alper.

contacting or soliciting business from plaintiffs' accounts. On August 23, Judge Delaney continued the hearing on the motion to strike and/or dismiss until August 27 and August 30, deferred the motion for preliminary injunction *sine die*, and continued the restraining order. Plaintiffs filed an amended complaint on August 30. On September 5, the Honorable George A. Higgins, entered an order setting September 10 as the date for hearing the motion for the preliminary injunction. In the order, he made no mention of the motion to strike and/or dismiss, but simply directed defendants to file a responsive pleading to plaintiffs' amended complaint by September 7.

On September 10, the trial court held a hearing at which Wilson and Howard Alper, president of Alper, testified. At the outset of the hearing, counsel for plaintiffs informed the court that the purpose of the hearing was so that the plaintiffs could seek "a temporary injunction enjoining the defendants, Robert A. Wilson and Corporate Risk Management Inc., an Illinois corporation, from contacting accounts of the plaintiffs, Alper Services Inc. and Audit Rate Inc. until a date either December 31, 1979 or January 2, 1980, a date to be determined by the Court as to which is appropriate assuming the Court is to conclude an injunction order at the same time is appropriate." After testimony had been presented, both counsel for plaintiffs and counsel for defendants argued for findings in their favor only on the question of the issuance of the preliminary injunction. After arguments, the court, despite finding that the employment contract was reasonable in time, denied the motion for the preliminary injunction and asked counsel for the defense if he wished to move for the dismissal of the remaining counts of the complaint. When the defense counsel made such a motion, the trial court granted it. No objection was made by plaintiffs' counsel.

OPINION

■■■ The question of the correctness of the trial court's denial of the motion for preliminary injunction has become moot because since the filing of this appeal the one-year limitation on engaging in a competing business or on soliciting Alper accounts has ended. An issue becomes moot when, during the time in which an appeal is pending, facts occur which make it impossible for this court to give effectual relief to either party. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 384 N.E.2d 1309.) Because either December 31, 1979, or January 2, 1980, has passed, a ruling by us could have no effect on either party in this suit. Though we recognize the "public interest" exception to the rule of mootness (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769), we find that the essentially private question posed here does not meet the requirements of that exception. Since we find this issue moot, we need not

decide whether we are bound by the court's decision in *Shorr Paper Products, Inc. v. Frary* (1979), 74 Ill. App. 3d 498, 392 N.E.2d 1148.

We next consider the question of whether the trial court properly dismissed counts I, II, and V of plaintiffs' complaint after conducting a hearing which from all record indications was held solely for the purpose of determining the question concerning the issuance of the preliminary injunction.

Plaintiffs claim that the various counts of their complaint were improperly dismissed on the basis of the evidence received at the hearing on the preliminary injunction. They argue surprise in that they were not forewarned that they would be called on to defend against a motion to dismiss. They also argue that the trial court's basis for dismissal was improper. We agree with both arguments.

■ The record amply supports plaintiffs' argument that they were not adequately forewarned that they would be asked to defend against a motion to dismiss. The September 5, 1979, order set September 10 as the date for hearing the motion for the preliminary injunction. There was no mention in that order that the motion to strike and/or dismiss would also be heard on that date. On September 10, plaintiffs' counsel stated that the purpose of the hearing was to seek a temporary injunction, and the hearing was conducted with this as its apparent purpose. Defense counsel recognized the same purpose, as is evident by the focus of his argument at the hearings and by the fact that he needed to be prompted by the court to move for a dismissal. Even though orders prior to September 5 had set dates for the motion to strike and/or dismiss to be heard, neither the September 5 order nor the events which transpired on September 10 gave plaintiffs sufficient notice to defend against the motion to dismiss on September 10. Had plaintiffs been informed, they could conceivably have presented more evidence which would have supported the counts of their complaint and their entitlement to the relief they requested, other than the injunctive relief. Without proper notice, we cannot say that they had an adequate opportunity to do so.

■ We also believe that the trial court's order of dismissal was improper because the trial court based its dismissal on the evidence presented at the hearing on the preliminary injunction. A motion to dismiss is a motion directed at the legal sufficiency of the pleadings. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.) The motion should be granted only if it is clear that plaintiffs can prove no set of facts which will entitle them to relief. (*Newberg-Krug-Brighton v. Illinois State Toll Highway Authority* (1978), 63 Ill. App. 3d 780, 380 N.E.2d 1029.) In dismissing the counts of plaintiffs' complaint, the trial court failed to find any legal insufficiency in the pleadings. Instead, the court specifically found that "there has been no evidence of any nature presented in support of the

* * * counts." In so doing, the court used an improper basis for dismissing the complaint.

Since the counts of plaintiffs' complaint were improperly dismissed, we reverse that portion of the judgment of the trial court and remand this case to the trial court with instructions to conduct further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.