GUST K. NEWBERG, INC., Plaintiff-Appellee and Cross-Appellant, *v.* THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Defendant-Appellant and Cross-Appellee.

Second District   No. 81-140

Opinion filed February 9, 1982.—Rehearing denied March 12, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Richard E. Friedman and Randall E. Server, Special Assistant Attorneys General, of counsel), for appellant.

Edward M. White, of Carey, Filter and White, and Louis A. Lehr, Jr., of Arnstein, Gluck and Lehr, both of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendant, the Illinois State Toll Highway Authority (the Authority), appeals from a judgment of the circuit court of Du Page County finding it liable to plaintiff, Gust K. Newberg, Inc. (Newberg), in the sum of $2,750,000 as damages for breach of a settlement agreement between the parties. The Authority contends the agreement was invalid and unenforceable because it was not approved by the Attorney General and, also, that the trial court improperly assessed damages. Newberg cross-appeals, contending it is entitled to prejudgment interest.

The underlying action was commenced in 1975 by Newberg and other parties against the Authority, alleging it had breached a contract between the parties for construction of a portion of the East-West Tollway for which plaintiffs sought damages of $9,000,000. Thereafter, at the direction of the Authority's executive director, Richard Blakely, assistant Attorney General John Lavery, chief of the legal department of the Authority, entered into settlement negotiations with counsel for Newberg. In early July 1976 Newberg's counsel informed Lavery it would accept $2,750,000 in settlement of the litigation and on July 12, Lavery advised then Attorney General William J. Scott of that offer by letter. He informed the Attorney General that the offer would be presented to a meeting of the board of directors of the Authority later in July and that if it decided to settle the litigation a resolution doing so would be adopted. On July 30, Lavery did present a formal resolution encompassing the terms of the settlement to the board of directors and advised it the litigation could thereby be resolved; the settlement resolution was unanimously adopted by the board.

On August 4, 1976, however, Attorney General Scott advised the board chairman by letter that the settlement was premature as discovery on behalf of the Authority had not yet been taken in the case and there were insufficient facts available to determine whether the settlement was reasonable. He also advised the chairman of the board that he believed Newberg's claim was without merit. Again, on August 25, Attorney General Scott advised the board of directors by letters to each of its members that he disapproved of the settlement of the claims against the Authority made by it. He characterized them as questionable and noted the Authority had a substantial counterclaim to present. He also stated that there may be responsible third parties who would be required to contribute to any settlement of this matter. On October 1, the chairman of the Authority responded to the Attorney General that it would defer implementation of the resolution pending further advice from him, and in

August 1977 the board of directors of the Authority, as then reconstituted, adopted a resolution rescinding the settlement.

When the Authority failed to carry out the terms of the settlement resolution Newberg amended its complaint to add a third count based upon the alleged breach of the settlement agreement. That count was dismissed by the trial court on motion of the Authority on the grounds, *inter alia*, it did not state a cause of action for failure to affirmatively allege the Attorney General had approved the settlement. At that stage the record did not disclose whether the Attorney General had approved or disapproved the settlement or suggest any basis for his disapproval of either the form of the resolution or the termination of the litigation by that means. The Authority's motion to dismiss relied solely upon the failure of the complaint to allege that approval of the Attorney General had been given. Newberg appealed, and this court concluded that the powers of the Attorney General to examine and approve contracts of the Authority and to control its litigation were not absolute so as to require pleading his approval as a condition precedent which had been met for the complaint to be sufficient, and reversed its dismissal. On remand, the Authority and Attorney General were invited to assert by responsive pleadings any lawful basis which may exist which would prevent the settlement agreement from being carried out. *Newberg-Krug-Brighton v. Illinois State Toll Highway Authority* (1978), 63 Ill. App. 3d 780, 782-83, 380 N.E.2d 1029, 1031-32, *appeal denied* (1979), 72 Ill. 2d 583.

In the trial court the Authority then answered count III of Newberg's complaint, denying it had authority to compromise the pending litigation or that the settlement resolution had been validly adopted by it. It also raised a number of affirmative defenses, including several directed to alleged form or constitutional infirmities in the resolution. Its response also alleged that the Attorney General had not approved the resolution as to its form and constitutionality nor had he approved settlement by this means of the pending litigation to which the Authority was a party. This action was then consolidated with a separate suit which had been brought by the Authority in 1978 against Newberg and other defendants in which liquidated damages were sought for their alleged failure to complete portions of the East-West Tollway extension in accordance with the contracts. The Authority there sought recovery of damages against both Newberg and the sureties under its performance bonds. Count III of the complaint, with which this appeal is concerned, was severed for trial.

After considering the evidence presented, the trial court made findings, *inter alia*, that the Authority and the Attorney General had failed to establish any defects in form or constitutionality which would prevent enforcement of the settlement resolution. It also determined that the affirmative defenses raised by the Authority were without support in the

evidence. The trial court determined the settlement resolution was a binding contract of the Authority and awarded Newberg the sum therein agreed upon by the parties. It dismissed counts I and II of Newberg's complaint but provided that they may be reinstated in the event of the reversal of the trial court's judgment under count III.

The issue presented on this appeal, as framed by the Authority, is whether approval by the Attorney General is required for settlement of suits defended by the Attorney General involving state agencies?

The Authority does not now assert there were defects in the form of the settlement resolution adopted by its board of directors or that it is in some manner constitutionally infirm. The Authority argues, however, that the Attorney General had a reasonable basis for withholding approval of the settlement of the litigation he was conducting on its behalf and thus appropriately exercised his power to control the litigation of this State agency. Newberg contends that as the Authority is authorized by statute to contract and carry out its powers with reference to toll highways, it may do so without interference from the Attorney General in order to settle a dispute arising out of highway construction. It also contends the Attorney General did in fact approve the settlement resolution adopted by the Authority.

The Toll Highway Authority Act (Ill. Rev. Stat. 1979, ch. 121, pars. 100—1 *et seq.*) vests in the Authority, acting through its board of directors, all powers necessary to carry out the purposes of the Act. Section 8 expressly provides:

"The Authority shall have the power:

\* \* \*

(b) To enter into all contracts and agreements necessary or incidental to the performance of its powers under this Act. \* \* \*." (Ill. Rev. Stat. 1979, ch. 121, par. 100—8.)

Section 15 of the Act provides, however:

"The Attorney General of the State of Illinois, shall be ex officio attorney for the said Authority and he shall be its legal advisor and legal representative. In addition to the specific duties imposed upon the said Attorney General, under the provisions of this Act, it shall be his further duty to act as attorney for the Authority in all of its transactions, and to represent the Authority in all of its litigation, and to examine and approve all contracts, leases, bonds or other undertakings or obligations entered into by the Authority, as to their form and constitutionality prior to their execution and delivery." (Ill. Rev. Stat. 1979, ch. 121, par. 100—15.)

See also Ill. Rev. Stat. 1979, ch. 121, pars. 100—8(b), (c).

■■ It is well established that the Attorney General is the chief legal officer for the State and its departments and agencies. (Ill. Const. 1970,

art. V, § 15; *People v. Massarella* (1978), 72 Ill. 2d 531, 534, 382 N.E.2d 262, 264; *Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394, 398, 372 N.E.2d 50, 52.) His duties are as prescribed by law and also include those powers traditionally held by the Attorney General at common law. While the legislature may add to his powers, it cannot reduce the Attorney General's common law authority in directing the legal affairs of the State. See *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 493, 359 N.E.2d 149, 153; *People ex rel. Scott v. Illinois Racing Board* (1973), 54 Ill. 2d 569, 575-76, 301 N.E.2d 285, 288; *Stein v. Howlett* (1972), 52 Ill. 2d 570, 585, 289 N.E.2d 409, 417; *People v. Illinois Toll Highway Com.* (1954), 3 Ill. 2d 218, 236, 120 N.E.2d 35, 45; *Fergus v. Russel* (1915), 270 Ill. 304, 339, 110 N.E.2d 130, 144.

In the first appeal of this case we rejected the argument that the Attorney General's statutory and constitutional duties in his representation of the Authority in its litigation and examination of its contracts were absolute so as to permit him to arbitrarily interfere with powers conferred upon that state agency by the legislature. (*Newberg-Krug-Brighton v. Illinois State Toll Highway Authority* (1978), 63 Ill. App. 3d 780, 782-83, 380 N.E.2d 1029, 1031-32, *appeal denied* (1979), 72 Ill. 2d 583.) On remand to the trial court, the Attorney General and the Authority did raise a broad spectrum of purported form or constitutional defects in the settlement resolution adopted by the Authority, each of which was found to be without support in the evidence at trial. Those arguments are not pursued by the Authority or the Attorney General on this appeal.

Other evidence presented at trial, however, does persuade us that the Attorney General had a valid basis on which to disapprove settlement of the litigation as then sought by the Authority. The resolution accepting Newberg's offer of settlement was adopted by the board of directors of the Authority at its meeting held July 30, 1976. The Attorney General had been advised just a few days earlier by his legal staff assigned to the Authority that the offer was to be considered by it. Promptly thereafter, on August 4 and August 25, the Attorney General made known his objections to the board in which he noted that Newberg's claims appeared to be without merit and the board's settlement decision premature. The Attorney General advised the board his legal staff had not yet undertaken discovery so as to evaluate the case and that the Authority may have a counterclaim against Newberg and other claims against responsible third parties. The Attorney General advised the board there was no sufficient reason evident to support the proposed settlement and to do so would be a wrongful waste of public funds.

In our view, by his prompt objection setting forth eminently reasonable grounds to disapprove of the dismissal of the pending litigation as proposed by the Authority, the Attorney General acted well within the

scope of his power to control its litigation in the public interest. Clearly, the Attorney General was not seeking to arbitrarily interfere with the power of the Authority to contract or otherwise carry out its statutory duties, but was reasonably carrying out his broader responsibilities in conducting the Authority's legal affairs.

■■ We conclude that in these circumstances the resolution by the Authority accepting Newberg's offer of settlement, predicated on the dismissal of the pending litigation, was unenforceable absent approval of the Attorney General. Neither the Authority nor the parties who seek to contract with it may overlook the power and duty of the Attorney General to conduct the litigation of a state agency, and the settlement resolution of the Authority was insufficient to impose liability upon it. Compare *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 501-02, 396 N.E.2d 34, 39.

Newberg also contends that the Attorney General, through his assistants on the legal staff of the Authority, did in fact approve the settlement agreement. It notes that assistant Attorney General Lavery conducted the settlement negotiations and presented the resolution accepting Newberg's offer to the board of directors. We do not agree. It is correct that the Attorney General may act through his assistants and deputies. (See *Scott v. Association for Childbirth at Home, International* (1980), 85 Ill. App. 3d 311, 315, 407 N.E.2d 71, 74, *aff'd in part, rev'd in part* (1981), 88 Ill. 2d 279; *Saxby v. Sonnemann* (1925), 318 Ill. 600, 607, 149 N.E. 526, 529.) In this case, however, it is apparent Attorney General Scott promptly rejected the proposed settlement of the pending litigation after passage of the resolution, thus effectively negating any suggestion of approval inferred by the actions of his deputy. Either Newberg or the Authority could have ascertained the Attorney General's position on this matter prior to consideration of the offer by the board of directors, but they did not do so.

As the judgment from which the Authority has appealed must be reversed for the reasons we have discussed, the issues of damages and Newberg's cross-appeal are moot and need not be considered.

Accordingly, the judgment entered on count III of the complaint is reversed, counts I and II are reinstated, and this cause is remanded for further proceedings.

Reversed and remanded.

REINHARD, J., concurs.

JUSTICE VAN DEUSEN, dissenting:
I respectfully dissent from the majority's opinion in this matter. In my view, the effect of the majority's opinion would be to require the personal

approval of the Attorney General before an agency of the State could enter into a binding agreement to settle claims against it presented in a lawsuit.

The Illinois Constitution provides that the Attorney General shall be the legal officer of the State and shall have the duties and powers that may be prescribed by law. (Ill. Const. 1970, art. V, §15.) Under the act creating the Illinois State Toll Highway Authority and defining its powers and duties (Ill. Rev. Stat. 1979, ch. 121, par. 100—1 *et seq.*), the Authority was given the power to enter into all contracts and agreements necessary or incidental to the performance of its powers under the act (Ill. Rev. Stat. 1979, ch. 121, par. 100—8(b)) subject to the requirement that all contracts, leases, bonds or other undertakings or obligations entered into by the Authority would be examined and approved by the Attorney General as to their form and constitutionality prior to their execution and delivery. Ill. Rev. Stat. 1979, ch. 121, par. 100—15.

There is no contention on this appeal by the Authority that there were any defects in the form of the settlement resolution adopted by its board of directors or that it was in some manner constitutionally infirm. Nor is there any contention that the agreement was reached as a result of fraud, duress, deceit, misrepresentation or mistake. Therefore, I can perceive no requirement that the Attorney General's approval must be obtained by the Authority before it could enter into a binding agreement with the plaintiff in this case. See *Newberg-Krug-Brighton v. Illinois State Toll Highway Authority* (1978), 63 Ill. App. 3d 780.

Further, there is credible evidence in this cause from which the trial judge, as the trier of fact, could find that the Attorney General through an assistant Attorney General had approved the settlement. Assistant Attorney General Lavery conducted the settlement negotiations with the plaintiff, advised the board of directors of the Authority that after extensive settlement discussion "we" reached a figure that the plaintiff would accept, advised the board of directors that it was a good settlement and prepared and presented to the board of directors the resolution accepting the settlement offer which the Authority adopted.

To hold that such an agreement may thereafter be set aside and held for naught because the personal approval of the Attorney Geneal had not been secured would, in my opinion, not only be erroneous, but also would be likely to cause great confusion and uncertainty in the handling of the legal affairs of the State of Illinois by its Attorney General.

I would affirm the judgment of the trial court.