**CHICAGO BOARD OPTIONS EXCHANGE, INC., et al., Plaintiffs,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant.**

No. 82 C 3841.

United States District Court,
N.D. Illinois, E.D.

Oct. 14, 1982.

Robert W. Gettleman, Charles E. Levin, D'Ancona & Pflaum, Chicago, Ill., for plaintiffs.

Patty Dyer, James T. Otis, Robert A. Creamer, Keck, Mahin & Cate, Chicago, Ill., for defendant.

MEMORANDUM ORDER

SHADUR, District Judge.

Chicago Board Options Exchange, Inc. ("CBOE") and the Trustees of its Retirement Income Plan (the ".Plan") sue Connecticut General Life Insurance Company ("Connecticut General"), charging various flaws in the group annuity contract (the "Annuity Contract") issued by Connecticut General to fund the benefits provided under the Plan:

1. invalidity of the September 1981 amendment to the Annuity Contract as a matter of Illinois contract law;

2. violation of the Illinois Uniform Deceptive Trade Practices Act by the Annuity Contract and the amendment; and

3. Connecticut General's breach of fiduciary duties imposed by Employees Retirement Income Security Act ("ERISA").

Connecticut General has filed a Fed.R. Civ.P. ("Rule") 12(b)(6) motion to dismiss that is now in the briefing stage, and it has moved for a stay of discovery pending this Court's decision as to dismissal. For the reasons stated in this memorandum order Connecticut General's motion for stay is granted.

Plaintiffs say they need discovery because it "might reveal information making dismissal inappropriate." That contention is puzzling to say the least. It is a truism that Connecticut General can raise only questions of law—not fact—in its Rule 12(b)(6) motion. Plaintiffs' allegations either do or do not state a cause of action, and discovery does not seem to bear on that determination at all.[1]

Plaintiffs' Complaint appears to rely on the language of the Annuity Contract. If so, that integrated writing poses only a question of law regarding the contractual meaning, a question as to which no showing has been made that discovery is appropriate.[2] Conversely if, as suggested in plaintiffs' memorandum opposing the stay, plaintiffs seek to rely on some notion akin to fraud in the inducement, the Complaint must first be amended to that effect. If such a claim were made and survived a later motion to dismiss, discovery on that score might then be appropriate.

Much the same general analysis applies to the counts based on the Deceptive Trade Practices Act and ERISA. On the present showing, there is no justification for subjecting Connecticut General to dis-

covery pending this Court's ruling on the Complaint's sufficiency.

---

1. Plaintiffs' stated desire to file a motion for summary judgment (for which discovery would of course be appropriate) can come into play only if their Complaint survives the current motion.

2. Plaintiffs' heaviest reliance in contract terms is on an alleged breach of Annuity Contract § 11.02(a). At least on the face of the document that provision does not appear inconsistent with the second paragraph of Section 11.-02(c), on which Connecticut General relies. Again that appears to be a legal question calling for no factual discovery.