DONALD SCHNIDT *et al.*, Plaintiffs-Appellants, v. RAYMOND HENEHAN, Defendant-Appellee.

Second District   No. 84—0971

Opinion filed January 31, 1986.

Thomas W. Gooch III, of Wauconda, for appellants.

James E. Berner, of Caldwell, Berner & Caldwell, of Woodstock, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:
Plaintiffs, Donald and Donna Schnidt, brought this action for legal malpractice and fraud in the circuit court of McHenry County against

the defendant, attorney Raymond Henehan. The trial court granted defendant's motion to dismiss plaintiffs' fourth amended complaint and dismissed the cause with prejudice. Plaintiffs thereafter brought this appeal.

Plaintiffs' claims arose out of a real estate transaction in which they sought to purchase certain commercial real estate located at 50 Crystal Street, Cary. Plaintiffs had been operating a business known as "The Pampered Pet" from that location when they decided to purchase the building and hire defendant to represent them. Plaintiffs originally contracted to purchase the real estate by a standard conveyance-by-deed contract conditioned upon plaintiffs obtaining a conventional $40,000 mortgage and receiving a firm contract for sale of their home for $57,500 by July 15, 1979. Defendant, as their attorney, advised plaintiffs that he would arrange the necessary financing for this transaction. When these conditions were not met, the parties restructured the transaction from a conveyance by deed to a purchase by articles of agreement (installment contract) which also required some financing. Defendant again advised plaintiffs that he would arrange the necessary financing. In August of 1979, the deal failed to close because defendant had not obtained the necessary financing.

On October 5, 1979, plaintiffs filed this action. Over the next five years the parties conducted discovery and plaintiffs filed several amended complaints. On June 5, 1984, plaintiffs filed their fourth amended complaint. Count I of the fourth amended complaint was based on a theory of negligence or legal malpractice and alleged that defendant had agreed to arrange for the necessary financing and that the real estate transaction had failed when defendant failed to supply the necessary financing. Count II contained the same basic allegations of count I but further alleged that defendant intentionally and knowingly failed to arrange for the necessary financing. Count III was based on a theory of fraud and alleged that defendant told plaintiffs on several occasions that he had arranged the necessary financing and that plaintiffs would be able to close the real estate transaction at any time. Count IV was also based on fraud and alleged that defendant told plaintiffs on several occasions that he would arrange for or personally supply the necessary mortgage financing.

On July 12, 1984, defendant filed a motion to dismiss the fourth amended complaint for failure to state a cause of action under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). Plaintiffs filed a response to defendant's motion on September 19, 1984, asking that the motion be denied or, in the alternative, that if the motion was granted, that they be given leave to

amend. Plaintiffs' response also argued that a motion to dismiss was similar to a motion for summary judgment and required the court to consider all pleadings, depositions and affidavits. Plaintiffs, therefore, requested that the court order that all depositions be filed with the court before it decided the motion to dismiss. In his reply, defendant argued that it was improper to consider matters outside the pleadings for a motion to dismiss. On September 19, 1984, the trial court denied plaintiffs' request for the filing of all depositions. On October 3, 1984, the trial court dismissed plaintiffs' fourth amended complaint with prejudice.

The first reason stated by the trial court for dismissing the complaint was that plaintiffs had failed to *"prove"* that defendant did not use a reasonable degree of skill or care in his efforts to procure the necessary financing in light of the tight lending market of the 1979 recession and Donna Marie Schnidt's admission in her discovery deposition that she had tried unsuccessfully to obtain the necessary financing at 15 lending institutions prior to the closing. Mere failure to be successful in an undertaking, the court noted, was not sufficient to hold defendant liable for malpractice.

■ It is generally recognized that a section 2–615 motion to dismiss attacks only the sufficiency of the complaint and should be decided only upon the allegations set forth therein. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128.) The motion should be granted only if it is clear that plaintiffs can prove no set of facts under the pleading which would entitle them to relief. (*Alper Services, Inc. v. Wilson* (1980), 85 Ill. App. 3d 908.) In dismissing plaintiffs' complaint, the trial court did not find any legal insufficiency in the pleading. Rather, the court ruled that plaintiffs had failed to *prove* their allegations based upon matters outside the pleadings. Such a holding, in ruling on a motion to dismiss, was improper. *Alper Services, Inc. v. Wilson* (1980), 85 Ill. App. 3d 908.

The second reason stated by the trial court for dismissing plaintiffs' fourth amended complaint was plaintiffs' failure to produce an expert witness. Plaintiffs argue that they had no duty to produce an expert to defeat a motion to dismiss on the pleadings and that, in any event, they did procure an expert.

■ The law is well settled in Illinois that an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill and that the standard of care against which the attorney's conduct will be measured must generally be established through expert testimony. (*Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller* (1979), 75 Ill. App. 3d 516; *Brainerd v.*

*Kates* (1979), 68 Ill. App. 3d 781.) It is also well settled that summary judgment may be appropriate where a plaintiff cannot obtain the expert testimony necessary to prove the alleged negligence. (*Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller* (1979), 75 Ill. App. 3d 516; *Brainerd v. Kates* (1979), 68 Ill. App. 3d 781; *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003; *Sanders v. Frost* (1969), 112 Ill. App. 2d 234.) In the present case, however, the trial court was deciding a motion to dismiss on the pleadings, not a motion for summary judgment. We are unaware of any case law that requires a plaintiff to produce an expert witness in order to defeat a motion to dismiss. To the contrary, a section 2—615 motion to dismiss attacks only the sufficiency of the pleadings and should be decided only upon the allegations set forth therein. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128.) The trial court, therefore, also erred in dismissing plaintiffs' fourth amended complaint on this basis.

On appeal defendant raises two additional arguments in support of the trial court's dismissal. First, defendant argues, as he did in the trial court, that the fourth amended complaint fails to state a cause of action because the allegations are confusing, contradictory, and fail to advise defendant of the issues.

The fourth amended complaint alleges that plaintiffs hired defendant to represent them in the purchase of certain commercial real estate, that defendant stated he would obtain the necessary financing for the transaction, and that defendant failed to obtain the necessary financing. The facts and pleadings are admittedly somewhat complicated because the method of sale was changed in midstream from a conveyance by deed to a purchase by articles of agreement when plaintiffs were unable to sell their home. The complaint, however, is not so confusing or contradictory as to justify dismissal.

Specifically, defendant argues that plaintiffs failed to allege that the vendors ever agreed to sell under articles of agreement contract. To the contrary, plaintiffs alleged that defendant drafted the necessary papers for a sale by articles of agreement and that the vendors signed the agreement. Defendant also argues on several different grounds that the exhibits attached to the complaint are incomplete or make no sense. We fail to discern however, how any deficiencies in the attached documents can justify dismissing plaintiffs' complaint when it was defendant who drafted or supplied the documents that he now complains of. As a third point, defendant argues it is unclear which contract, the original contract for a conveyance by deed or the articles of agreement, plaintiffs are referring to

in several of their allegations. We find no such ambiguity when the complaint is read as a whole. The original contract for conveyance by deed was abandoned by the parties when plaintiffs failed to sell their home by July 15, 1979. The parties then agreed on a sale by the articles of agreement which also required plaintiffs to obtain some financing. Plaintiffs allege that defendant again agreed to arrange this financing and that it was defendant's failure to obtain the necessary financing under the latter articles of agreement which resulted in the transaction's failure to close, and it is this failure for which defendant is being sued.

Defendant's second argument is based on plaintiffs' allegation that but for the wrongful acts of defendant, plaintiffs would have been able to consummate the purchase of the subject real estate. Defendant contends that this allegation is a conclusion and insufficient to support a cause of action. Defendant argues that plaintiffs should have pleaded "that they could have procured the financing and purchased the building if the defendant had not interfered."

In considering a motion to dismiss, the trial court must accept as true all facts well pleaded as well as reasonable inferences which can be drawn from those facts. (*Sharps v. Stein* (1980), 90 Ill. App. 3d 435.) The motion, however, does not admit conclusions of law unsupported by allegations of specific facts upon which such conclusions rest. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128.) Defendant argues that the present case is analogous to *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, where the court held that the plaintiff had to allege facts from which the law would raise a duty; a mere conclusory allegation that the defendant owed the plaintiff a duty was insufficient. In *Browning,* the plaintiff stated a conclusion of law that the defendant owed a duty to him. In the present case, however, the plaintiffs' allegation was an allegation of fact, not a conclusion of law.

■ Defendant also argues that plaintiffs should have been more specific and pleaded that they could have procured the necessary financing, not just that they could have purchased the subject real estate. We find, however, that plaintiffs' allegation is sufficiently specific. If plaintiffs are able to prove that defendant failed to use a reasonable degree of skill and care to obtain financing for them, plaintiffs will meet the causation element of their cause of action if they show that they could have purchased the property by obtaining the necessary financing or by any other legal method.

■ Beyond the arguments already made which applied to each of four counts of the complaint, defendant also argues that counts III

and IV failed to state a cause of action. Count III of plaintiffs' complaint was based on fraud. To state a cause of action for fraud plaintiffs must allege: (1) a statement of material past or present fact; (2) that the statement was false; (3) that the party making the statement knew or believed it to be false; (4) that the party to whom the statement was made believed and relied upon the statement, and had a right to do so; (5) that the statement was made for the purpose of inducing the other party to act or refrain from acting; and (6) that the reliance of the person to whom the statement was made led to his injury. *Colonial Bank & Trust Co. v. Kozlowski* (1982), 106 Ill. App. 3d 639.

■ In count III of their complaint, plaintiffs allege: (1) that defendant told them several times that he had arranged for the necessary mortgage financing; (2) that this statement was false; (3) that defendant knew these statements were false; (4) that they relied on defendant's statement and did not attempt to arrange the necessary financing on their own; (5) that defendant intended them to rely on these statements and that defendant told them they should not seek financing on their own or they would "screw up" the deal; and (6) but for defendant's wrongful acts, they would have been able to purchase the subject real estate. These allegations are sufficient to state a cause of action for fraud.

Defendant argues, however, that under *Bailey v. State Bank* (1983), 121 Ill. App. 3d 17, plaintiffs have waived their objections to the sufficiency of count III of their third amended complaint by pleading over and filing their fourth amended complaint. It is defendant's contention that having waived their objections to the dismissal of count III of the third amended complaint, plaintiffs have also waived these same objections as to the dismissal of count III of their fourth amended complaint which is identical in language to the prior count III of the third amended complaint. We do not agree.

■ In *Bailey* the court stated the general rule that a plaintiff waives his objections to the court's dismissal order of an earlier complaint if he abandons that complaint and files an amended complaint. Under *Bailey*, therefore, plaintiffs waived their objections to the trial court's order dismissing their third amended complaint by pleading over. In pleading over, however, plaintiffs did not waive their right to argue the sufficiency of those allegations which they repleaded unchanged. To the contrary, if plaintiffs wished to amend one count of their complaint but reserve their arguments as to the sufficiency of the other counts, plaintiffs could do so only by pleading these other counts unchanged as they did.

■ Defendant also argues that he does not wish to waive any additional arguments he may have with respect to the deficiency of count III and, therefore, he requests this court to consider those points raised in his motion to dismiss the fourth amended complaint. However, in failing to argue these points in his brief, defendant has, in fact, waived them under Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)).

■ Count IV of plaintiffs' complaint also alleges fraud and is based on allegations similar to those in count III. Unlike count III, however, which is based on defendant's alleged statement that he "had" arranged financing (a statement of existing fact), count IV is based on defendant's alleged statement that he "would" arrange for or personally supply the necessary financing (a promise of future conduct). In most jurisdictions, a promise of future conduct, representing as it does the state of a person's mind, is regarded as a statement of material fact. (*Bank Computer Network Corp. v. Continental Illinois National Bank & Trust Co.* (1982), 110 Ill. App. 3d 492, 501, citing Prosser, Torts sec. 109, at 729 (4th ed. 1971).) Illinois courts, however, have rejected this general rule, holding that a promise of future conduct accompanied with the present intent not to perform is not a false representation upon which an action for fraud can be based. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320; *Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584; *Knightsbridge Realty Partners, Ltd.—75 v. Pace* (1981), 101 Ill. App. 3d 49.) The only exception to this general no recovery rule is where the fraudulent conduct is alleged to be the scheme used to accomplish the fraud. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320.) In the instant case plaintiffs do not claim a scheme existed. To the contrary, plaintiffs concede in their brief that when "defendant told plaintiffs he *would* arrange financing, no cause of action existed in fraud as to future promises." The trial court, therefore, did not err in dismissing count IV of plaintiffs' complaint.

■ Lastly, we note that there may be some confusion over the proper allegations and proof necessary to sustain the present action. Since the issue will likely arise on remand, we choose to address the matter even though it was not specifically raised by the parties. In the pleadings and briefs, both parties appear to assume that plaintiffs must allege and prove only that defendant promised to get them financing and that defendant failed to do so. This, however, is not the correct standard to be applied in a legal malpractice action. As stated previously, an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill. (*Schmidt v.*

*Hinshaw, Culbertson, Moelmann, Hoban & Fuller* (1979), 75 Ill. App. 3d 516; *Brainerd v. Kates* (1979), 68 Ill. App. 3d 781.) As the trial court correctly noted, the mere failure to be successful in an undertaking is not sufficient to hold a defendant liable for malpractice. While this incorrect assumption may have flawed plaintiffs' fourth amended complaint, we decline to affirm the trial court's dismissal on this basis since the issue was not raised below and plaintiffs have not had the opportunity to cure any defect by amendment. (See *Horwath v. Parker* (1979), 72 Ill. App. 3d 128.) Rather, if the trial court on remand finds that plaintiffs' amended complaint fails to state a cause of action in this regard, plaintiffs should be granted leave to file a fifth amended complaint.

For the reasons stated herein, we find that the circuit court of McHenry County erred in dismissing counts I, II and III of plaintiffs' fourth amended complaint. The cause is therefore remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

NASH, P.J., and REINHARD, J., concur.