Willard Reis, pro se.

Stephen R. Swofford, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, POSNER, and RIPPLE, Circuit Judges.

PER CURIAM.

This is a diversity suit for legal malpractice. Willard Reis consulted attorney Margaret Morrison in connection with his claim for social security disability benefits; at the time the claim had been denied by an administrative law judge, and Reis's appeal from that denial was pending before the Appeals Council of the Social Security Administration. Reis told Morrison that he thought that certain medical records were missing from his social security file. He paid her $800 to examine the file and determine what if any further action should be taken. Before Morrison received the file, the Appeals Council affirmed the denial of Reis's claim. Shortly afterward she received and examined the file, determined that nothing was missing, informed Reis that she could find no grounds for pursuing his claim further, and refunded $200 of the $800 he had paid her.

Reis's claim of malpractice includes among other things assertions that there

**Willard REIS, Plaintiff-Appellant,**

v.

**Margaret Zonia MORRISON, Defendant-Appellee.**

No. 86–1351.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 30, 1986.

Decided Dec. 8, 1986.

were records missing from his social security file and that Morrison gave him erroneous legal advice regarding his options. The district court granted Morrison's motion for summary judgment, and dismissed the complaint, because Reis was not prepared to obtain expert testimony—which generally, and, the district court thought, in this case, is required under Illinois law (which governs the substantive issues in this case) in a legal malpractice suit. See *Schnidt v. Henehan,* 140 Ill.App.3d 798, 801–02, 95 Ill.Dec. 194, 196, 489 N.E.2d 415, 417 (1986); *Schmidt v. Hinshaw,* 75 Ill.App.3d 516, 522, 31 Ill.Dec. 357, 362–63, 394 N.E.2d 559, 564–65 (1979). When asked by interrogatory about expert testimony, Reis responded that attorney William Kunstler would be his expert witness; but when contacted by Morrison's lawyer for purposes of taking Kunstler's deposition, Kunstler responded by stating that he had "no knowledge whatsoever of either this lawsuit or Willard Reis."

Reis has appealed. He appears pro se, that is, without a lawyer. Essentially his appeal brief merely repeats his claim against Morrison. Although he does contest the district court's ruling that expert testimony is required in a case like this to establish legal malpractice, the only ground on which he does so is that Morrison's negligence is plain, which it plainly is not. The appeal is frivolous, and is hereby dismissed.

Although we are more lenient with regard to sanctioning pro se than represented appellants who file frivolous appeals (for arguments that a lawyer would or should recognize as clearly groundless may not appear so even to a reasonable lay person), and although Morrison has not requested damages, attorney's fees, or any other sanction, we have decided to use our authority under Rule 38 of the Federal Rules of Appellate Procedure to award attorney's fees on our own initiative against this pro se appellant. *Bacon v. American Federation of State, County & Municipal Employees, #13,* 795 F.2d 33 (7th Cir.1986). Not only the appeal (which fails to identify any arguable error in the district court's decision), but, so far as we are able to determine, the underlying lawsuit as well, is entirely without merit, while the incident involving Mr. Kunstler suggests that this suit is malicious as well as groundless. We shall not allow the process of this court to be used as an engine of oppression. We are publishing this opinion in an effort to make this point unmistakably clear to lawyers and litigants in this circuit. See, e.g., *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers,* 802 F.2d 247, 255–56 (7th Cir.1986).

The defendant shall file with the clerk of this court, within 15 days, a statement of her costs and attorney's fees reasonably incurred in the defense of Mr. Reis's appeal.

APPEAL DISMISSED, WITH SANCTIONS.