MODERN TRACK MACHINERY, INC., Plaintiff-Appellant, v. BRY-LON, LTD., *et al.*, Defendants-Appellees (The Cincinnati Insurance Company, Defendant).

Second District   No. 2—89—0888

Opinion filed May 8, 1990.

Joseph P. Condon, of Condon & Zopp, Ltd., of Crystal Lake, for appellant.

William H. Weir and Daniel E. Compton, both of Brittain, Ketcham, Strass, Terlizzi, Flanagan, Weir, Johnson & David, P.C., of Elgin, for appellees.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Modern Track Machinery, Inc. (Modern Track), filed a three-count amended complaint against defendants, Cincinnati Insurance Company (Cincinnati), Bry-Lon, Ltd., and Bryant-Longhway Agency, Inc. (hereinafter referred to jointly as Bry-Lon). Counts I and II were directed against Cincinnati; count I sought a declaratory judgment that plaintiff's insurance policies with Cincinnati covered certain liability, and count II sought reformation of the insurance policies. Count III was directed against Bry-Lon and alleged fraudulent misrepresentation. Counts I and II were dismissed and are not at issue in this appeal. Count III was dismissed pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), and plaintiff appeals the dismissal of that count.

In December 1982, Modern Track purchased insurance policies from Cincinnati through its agent, Bry-Lon. The policies provided workers' compensation coverage, general comprehensive liability coverage and excess or umbrella coverage. On January 10, 1983, Modern Track entered into a contract with the Atchison, Topeka and Santa Fe Railway Company (Santa Fe) whereby Modern Track would lease certain machinery to Santa Fe.

The lease agreement provided, in relevant part, that Modern

Track would indemnify Santa Fe against all claims of loss when the loss was the result of the sole negligence of Modern Track and that Modern Track would procure and maintain certain insurance policies covering all of the equipment provided and services performed by Modern Track pursuant to the agreement. Under the agreement, Modern Track was required to obtain the following insurance: (1) workers' compensation coverage; (2) comprehensive general liability coverage, including personal injury and property damage; (3) comprehensive automobile liability coverage; (4) products and completed operations (products liability) coverage; and (5) contractual liability coverage covering all liability assumed by Modern Track under the agreement.

On January 12, 1983, apparently at Modern Track's request, Bry-Lon issued a certificate of insurance informing Santa Fe that Cincinnati had issued certain insurance policies to Modern Track. The certificate states:

> "This is to certify to *** [Santa Fe] that the Policies of Insurance *** described herein have been issued to the Named Insured *** with limits of liability as set forth herein covering the type of operations described below, and further to certify that said policies are in full force and effect on the date of this Certificate. ***
> ***
> 1. Named Insured: MODERN TRACK MACHINERY, INC.
> * * *
> 4. Policies described below cover All Operations of Named Insured except the following:
> Products/Completed Operations Coverage."

The certificate lists the policies that Modern Track had with Cincinnati, that is, workers' compensation, comprehensive general liability and excess or umbrella coverage, and lists the policy numbers and the limits of liability under each policy. After the list of policies, the following appears:

> "Contractual Liability: The policy(ies) hereinabove referred to are extended to cover liability for bodily injury including death, and for damage to property, which liability the named insured has assumed by virtue of the wording contained in Agreement(s) dated Jan. 10, 1983 with Santa Fe.
>
> Comprehensive General Liability Insurance includes coverage for the following: ***

|  | Yes | No |
| --- | --- | --- |
| 1. Products and Completed Operations? |  | X" |

Sometime after the certificate was issued, a Santa Fe employee was injured while operating a machine leased to Santa Fe by Modern Track. The employee filed suit against Santa Fe in Federal district court in Texas, and Santa Fe filed a third-party action against Modern Track. When Modern Track presented the complaint to Cincinnati, Cincinnati denied coverage because (1) the Texas claim involved products or completed operations liability and Cincinnati did not cover Modern Track for that type of liability; and (2) the contractual liability coverage provided under the general liability policy was limited to incidental contracts and the contractual liability paragraph in the certificate was not within the definition of an incidental contract.

Thereafter, plaintiff filed its three-count complaint against Cincinnati and Bry-Lon. In count III, the only count at issue, plaintiff claimed that the certificate of insurance which Bry-Lon issued contained a false statement. The allegedly false statement in the certificate was the following:

> "Contractual Liability: The policy(ies) hereinabove referred to are extended to cover liability for bodily injury including death, and for damage to property, which liability the named insured has assumed by virtue of the wording contained in Agreement(s) dated Jan. 10, 1983 with Santa Fe."

Plaintiff contended that the statement was false in that the policies had not, in fact, been extended to cover all of the liability which Modern Track assumed by virtue of its contract with Santa Fe, that in reliance on this misrepresentation Modern Track had made no effort to obtain further coverage, and that Modern Track was damaged in that it was not covered against the Texas claim and would be required to defend itself and to satisfy any judgment rendered against it.

Bry-Lon filed a motion to dismiss pursuant to section 2—615. No written response to the motion is found in the record on appeal. The trial court granted the motion to dismiss, and Modern Track appeals.

It is generally recognized that a section 2—615 motion to dismiss attacks only the sufficiency of the complaint and should be decided only upon the allegations set forth therein. (*Schnidt v. Henehan* (1986), 140 Ill. App. 3d 798, 801.) The motion should be granted only if it is clear that plaintiff can prove no set of facts under the pleading which would entitle him to relief. *Schnidt*, 140 Ill. App. 3d at 801.

Plaintiff's complaint attempts to state a cause of action for

intentional misrepresentation. To state such a cause of action, plaintiff must allege: (1) a statement of material past or present fact; (2) that the statement was false; (3) that the party making the statement knew or believed it to be false; (4) that the party to whom the statement was made believed and relied on the statement and had a right to do so; (5) that the statement was made for the purpose of inducing the other party to act or refrain from acting; and (6) that the reliance of the person to whom the statement was made led to his injury. *Schnidt*, 140 Ill. App. 3d at 804.

In count III, plaintiff alleged that Bry-Lon issued the certificate that contained the statement concerning the extension of the policies; that the statement was false; that Bry-Lon issued the statement with reckless disregard for the truth of the matter asserted; that Modern Track relied on the statement in that it refrained from obtaining other insurance coverage; that Bry-Lon issued the statement with the intent that Modern Track would rely on it; and that Modern Track was injured in that it had no insurance to cover the Texas claim. It might appear, at first glance, that plaintiff had stated a cause of action for intentional misrepresentation; however, although Modern Track alleged that it relied on the alleged misrepresentation, it did not specifically allege that it had a right to do so, and the exhibits attached to the complaint establish that reliance was not justifiable.

■ Exhibits attached to complaints become part of the pleadings, and facts stated in such exhibits are considered as having been alleged in the complaint. (*Outboard Marine Corp. v. Chisholm & Sons, Inc.* (1985), 133 Ill. App. 3d 238, 245.) Although a motion to dismiss admits all well-pleaded facts and all reasonable inferences therefrom in favor of plaintiff, it does not admit allegations of a complaint that are in conflict with facts disclosed by an exhibit. *Outboard Marine*, 133 Ill. App. 3d at 245.

The letter from Cincinnati informing Modern Track that Cincinnati was denying coverage on the Texas claim was attached to the complaint as exhibit G. The letter indicates that coverage was denied because the general liability policy specifically excluded products and completed operations coverage. Modern Track admits that the Texas claim arises from the products and completed operations hazard. The certificate of insurance, which contains the alleged misrepresentation, was also attached to the complaint as exhibit E. As set out above, the certificate states twice, before and after the alleged misrepresentation, that the policies do not provide products and completed operations coverage. Therefore, even if the general

statement concerning extension of the policies to cover liability assumed pursuant to the agreement with Santa Fe is false, the certificate contains two specific and truthful statements concerning the exclusion of coverage for products and completed operations claims.

■ In light of the two statements specifically excluding coverage for products and completed operations, Modern Track could not reasonably have assumed that it was covered for those types of claims. The document as a whole makes it quite clear that the policies do not cover products and completed operations claims. At the very least, plaintiff was on notice that products and completed operations coverage was questionable. A party cannot close its eyes to obvious facts and then charge that it has been deceived. See *Costello v. Liberty Mutual Insurance Co.* (1976), 38 Ill. App. 3d 503, 507.

■ Although, arguably, Modern Track may have been justified in relying on the alleged misrepresentation for some purposes, it could not, given the certificate as a whole, justifiably assume that it was covered for products and completed operations claims. The Texas claim was denied because Cincinnati did not provide products and completed operations coverage. Plaintiff's alleged injury, lack of coverage for a products and completed operations claim, was not the result of justifiable reliance on the alleged misrepresentation.

Having failed adequately to plead justifiable reliance, plaintiff has not stated a cause of action for intentional misrepresentation, and the trial court acted within its discretion in dismissing count III of the complaint.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

REINHARD and McLAREN, JJ., concur.