998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles Edward ROCHE, Jr., Plaintiff/Appellant,
v.
Charles F. ADKINS, Defendant/Appellee.
 No. 92-3321.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 14, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Charles Edward Roche, Jr., an inmate at Stateville Correctional Center, appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his pro se complaint filed pursuant to 42 U.S.C. § 1983, as well as the denial of his motion for reconsideration and the imposition of $200 in attorneys' fees to the prevailing defendant pursuant to 42 U.S.C. § 1988. Upon consideration of the parties' briefs and the record in this case, we AFFIRM the district court's dismissal of plaintiff's complaint and the denial of the motion to reconsider for the reasons stated in the attached district court orders.
 
 
 2
 Roche alleges that the district court's decision to grant him in forma pauperis status precluded the district court from awarding defendant $200 in attorney fees under 42 U.S.C. § 1988 that were incurred defending against Roche's frivolous civil rights action. First, we note that the district court did not make an unqualified finding that Roche was entitled to pauper status under 28 U.S.C. § 1915. After examining Roche's inmate trust fund ledger, the court required Roche to pay a partial filing fee of $8.00 or to show cause why he was nonetheless entitled to proceed in forma pauperis. Roche did not dispute the district court's finding, and he paid the required amount.
 
 
 3
 Second, even if the district court had given Roche the unqualified right to proceed in forma pauperis, his status would not have been a bar to an award of attorneys fees for defending against specious claims. Courts have held that in forma pauperis plaintiffs may be required (1) to pay a defendant's costs and attorneys fees as a discovery sanction pursuant to Fed.R.Civ.P. 37, Moon v. Newsome, 863 F.2d 835, 837-38 (11th Cir.), cert. denied, 493 F.2d 821 (1989); Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986); Toner v. Wilson, 102 F.R.D. 275, 276 (M.D.Pa.1984); (2) to pay damages pursuant to Fed.R.App. 38 for pursuing a frivolous appeal, Freeze v. Griffith, 849 F.2d 172, 176 (5th Cir.1988) (per curiam); Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986) (per curiam); Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805-06 (11th Cir.1984) (per curiam); (3) to pay a defendant's costs of litigation pursuant 28 U.S.C. § 1915(e), Lay v. Anderson, 837 F.2d 231, 232-33 (5th Cir.1988) (per curiam); Flint v. Haynes, 651 F.2d 970, 972-74 (4th Cir.1981), cert. denied, 454 U.S. 1151 (1982); and (4) to pay damages for delay caused by an appeal pursuant to 28 U.S.C. § 1912, Carter v. United States, 733 F.2d 735, 737 (10th Cir.1984), cert. denied, 469 U.S. 1161 (1985). The purpose of fee and costs awards under the statutes relied upon in the foregoing cases is twofold: to discourage frivolous litigation and unburden defendants of expenses they should never have had to bear. The same bases apply to awards of attorneys fees under 42 U.S.C. § 1988, the basis of the district court's award in this case. See Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983); Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987). The district court therefore had the power to award defendant attorneys fees, the sole question is whether the decision was proper in this case.
 
 
 4
 We will only reverse an award of attorneys fees if the district court abused its discretion. Leffler v. Meer, 936 F.2d 981, 984-85 (7th Cir.1991); Nanetti v. University of Illinois, 867 F.2d 990, 995 (7th Cir.1989). An award of attorneys' fees to the prevailing defendant does not require that the plaintiff display subjective bad faith: objective frivolousness is a sufficient ground. Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). We have held that a district court may take into account a plaintiff's ability to pay a § 1988 award when considering whether to award attorneys fees. Munson v. Friske, 754 F.2d 683, 697 (7th Cir.1985). Nonetheless, when a plaintiff from whom fees are sought neglects to respond to a defendant's fee request, the district court is deprived of a factual basis for tempering the amount to be awarded based upon ability to pay. Roche failed to respond to the defendant's request for attorney's fees. Given the modest size of the fee request, the frivolous nature of Roche's claim, and Roche's failure to respond to the defendant's motion with evidentiary matter justifying a departure from the amount sought, we find that the district court did not abuse its discretion.
 
 
 5
 AFFIRMED.
 
 ATTACHMENTS
 
 6
 UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
 
 INDIANA SOUTH BEND DIVISION
 
 7
 CHARLES EDWARD ROCHE, Plaintiff,
 
 
 8
 v.
 
 
 9
 CHARLES ADKINS, Defendant.
 
 CAUSE NO. S92-121 (RDP)
 MEMORANDUM AND ORDER
 
 10
 The plaintiff, Charles Edward Roche, Jr., is an inmate at the Indiana State Prison ("ISP") in Michigan City, Indiana. On April 30, 1992, he filed a pro se complaint, pursuant to 42 U.S.C. § 1983, alleging that ISP superintendent Charles F. Adkins, the sole named defendant, violated his constitutional rights under the Eighth Amendment by "forcing [him] to drink out of a toxic wax coated two and a half (2 1/2) ounce cup." This case is now before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons which follow, defendant's motion will be granted.
 
 
 11
 Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. When reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jones v. Morris, 777 F.2d 1277 (7th Cir.1985). The court must accept as true all well-pleaded factual allegations and inferences which may reasonably be drawn from those facts. Scheuer v. Rhodes, 416 U.S. 232 (1974); Corcoran v. Chicago Park District, 875 F.2d 609, 611 (7th Cir.1989); Gomez v. Illinois State Board of Education, 811 F.2d 1030 (7th Cir.1987); Vaden v. Village of Maywood, Ill., 809 F.2d 361, 363 (7th Cir.), cert. denied, 107 S.Ct. 2489 (1987); Hampton v. City of Chicago, 484 F.2d 602 (7th Cir.1973), cert. denied, 415 U.S. 917 (1974). At the same time, the court is not required to " 'ignore any facts set forth in the complaint that undermine the plaintiff's claim....' " Martin v. Davies, 917 F.2d 336, 341 (7th Cir.1990), quoting Gray v. Dane County, 854 F.2d 179, 182 (7th Cir.1988). A motion to dismiss will not be granted under these circumstances unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69 (1984); Conley v. Gibson, 355 U.S. 41 (1957); Illinois Health Care Ass'n v. Illinois Dept. of Public Health, 879 F.2d 286, 288 (7th Cir.1989); Gomez v. Illinois State Board of Education, 811 F.2d 1030 (7th Cir.1987); Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir.1985), cert. denied, 475 U.S. 1047 (1986); French v. Heyne, 547 F.2d 994 (7th Cir.1976). A plaintiff may not avoid dismissal, however, merely by attaching bare legal conclusions to narrated facts which fail to outline the basis of his claims. Perkins v. Silverstein, No. 90-1482, slip op. at 7, 16 (7th Cir. Aug. 7, 1991); Strauss v. City of Chicago, 760 F.2d 765, 767-68 (7th Cir.1985); Sutliff, Inc. v. Donovan Companies, 727 F.2d 648, 654 (7th Cir.1984).
 
 
 12
 Even under the notice pleading of the Federal Rules of Civil Procedure and the liberal interpretation given to pro se pleadings, a complaint must include allegations respecting all material elements of all claims asserted. Papapetropoulous v. Milwaukee Transport Services, 795 F.2d 591, 594 (7th Cir.1986); Powe v. City of Chicago, 664 F.2d 639 (7th Cir.1981); Cannon v. Univ. of Chicago, 648 F.2d 1104 (7th Cir.), cert. denied, 545 U.S. 1128 (1981). Bare legal conclusions attached to narrated facts will not suffice. Strauss, 760 F.2d at 768; Sutliff, 727 F.2d at 654.
 
 
 13
 Mr. Roche's complaint alleges that he has been housed in the NSB disciplinary segregation unit at the ISP since June 10, 1991, and that throughout his stay in the NSB he has been forced to use a 2 1/2 ounce wax coated Dixie medicine cup as a regular drinking utensil for all beverages, both hot and cold. On one occasion, according to the complaint, Mr. Roche "had to gulp down three (3) Dixie cups of milk in order to get the allotted 8 ounces allowed by the prison's dietitian," then "had to gulp down three (3) cups of grapefruit juice," and noted the presence of a "waxy substance" in both the milk and juice. The complaint also alleges that "gulping of the beverages as well as mixing the milk and juice in such a quick fashion caused [him] to vomit;" that "[w]hen coffee was served the wax literally melted and the cup fell apart before [he] could finish one cup;" that he "had to use the melted cup for water until the next meal;" and that "[t]his situation has occurred repeatedly. The complaint further alleges that Mr. Roche has filed five grievances; that he has sent letters to the warden, the unit team and the Board of Health, and that he has not received a response from anyone. In October, 1991, according the complaint, Mr. Roche was informed by a nurse at the ISP that "the consumption of this wax from these cups is hazardous and causes gall stones, stomach and intestinal problems;" that "since [his] incarceration on NSB [he has] had continual stomach problems and difficulty urinating;" and that the "problem with these cups are an ongoing problem that is slowly poisoning [him]."
 
 
 14
 Mr. Roche's complaint fails to state a claim upon which relief can be granted. The fact that he was required to drink beverages from a wax covered Dixie cup simply does not implicate the constitution. See e.g. Armstrong v. Lane, 771 F.2d 943, 949 (C.D.Ill.1991). The fact that he vomited after gulping cups of milk and grapefruit juice may not reflect well on his personal judgment but it does not suggest deliberate indifference on the part of the prison's superintendent. The fact that Mr. Roche's Dixie cup melted when it was filled with hot coffee is unfortunate, but no court, to this court's knowledge, has recognized that prisoners have a constitutional right to be served hot coffee, and so Mr. Roche may have to do without hot coffee if he is unable to use his Dixie cup as a coffee cup. Lastly, the fact that consumption of wax from paper cups could be "hazardous" and lead to gall stones, as well as stomach and intestinal problems, even when considered along with the fact that Mr. Roche has experienced "continual stomach problems and difficulty urinating" while present on the NSB, is not enough to suggest deliberate indifference on the part of defendant Adkins with respect to Mr. Roche's physical safety or his serious medical needs. See Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). Ultimately, it is apparent that Mr. Roche's complaint is frivolous.
 
 
 15
 Because it is unlikely that Mr. Roche could plead additional facts sufficient to disclose a violation of his Eighth Amendment rights if he were allowed to amend his complaint, his action against defendant Charles F. Adkins is DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure, specifically reserving jurisdiction in this court to consider the issue of attorney's fees under 42 U.S.C. § 1988, and the taxation of costs. Defendant shall submit any petition for attorney's fees and expenses, accompanied by evidence in the form of affidavits, together with appropriate documentation, within twenty (20) days of this date. Plaintiff will be allowed ten (10) days after the filing of any such petition in which to submit a response.
 
 
 16
 SO ORDERED.
 
 
 17
 Dated this 31st day of July, 1992.
 
 
 18
 /s/Robin D. Pierce, U.S. Magistrate Judge
 
 
 19
 cc: Magistrate Pierce
 
 Roche
 Leib
 Order book
 ORDER
 
 20
 On July 31, 1992, this court directed the entry of final judgment, dismissing plaintiff's action under Fed.R.Civ.P. 12(b)(6), with prejudice. At the same time, the court specifically reserved jurisdiction to consider the issue of attorney's fees under 42 U.S.C. § 1988, and the taxation of costs.
 
 
 21
 Subsequently, on August 10, 1992, plaintiff filed a "Motion to Reconsider," asserting that the court abused its discretion in dismissing his complaint without allowing him an opportunity to conduct discovery. A motion to dismiss under Rule 12(b)(6), however, presents only a question of law. Either the plaintiff's allegations stated a claim, or they did not. The court concluded that they did not. No discovery was needed to support or oppose defendant's motion to dismiss. See Chicago Board Options Exchange v. Connecticut General Life Insurance Co., 95 F.R.D. 524 (N.D.Ill.1982). Accordingly, plaintiff's "Motion to Reconsider" is DENIED.
 
 
 22
 On August 19, 1992, defendant filed his petition for costs and attorney's fees under § 1988, in accordance with the court's previous directive. No response has been filed by plaintiff.
 
 
 23
 The standards for awarding attorney's fees in favor of a prevailing defendant under § 1988 were discussed by Judge Miller of this court in Dyson v. Sposeep, 637 F.Supp. 616, 622-23 (N.D.Ind.1986):
 
 
 24
 A defendant may seek an award of attorney fees under section 1988 if the plaintiff's action was vexatious, frivolous, or brought to harass or embarrass the defendant, Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Soderbeck v. Burnett County, Wisconsin, 752 F.2d 285, 295 (7th Cir.1985); Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978), if the action is groundless or without foundation, Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-79, 66 L.Ed.2d 163 (1980); Curry v. A.H. Robins Co., 775 F.2d 212, 219 (7th Cir.1985), or if the plaintiff continued to litigate after his claim clearly became frivolous, unreasonable or groundless. Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The defendant need not show that the case was brought in subjective bad faith. Hamilton v. Daley, 777 F.2d 1207 (7th Cir.1985).
 
 
 25
 Subject to these limitations, awards of attorney fees under section 1988 rest within the district court's discretion. Curry v. A.H. Robins Co., 775 F.2d 212, 219 (7th Cir.1985); Linhart v. Glatfelter, 771 F.2d 1004 (7th Cir.1985); Harrington v. DeVito, 656 F.2d 264 (7th Cir.1981), cert. denied, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982).
 
 
 26
 This court is aware that prevailing defendants are held to a higher standard in seeking an award of attorney's fees under § 1988 than are prevailing plaintiffs. Linhart v. Glatfelter, 771 F.2d 1004 (7th Cir.1985). A prevailing defendant may not obtain an award under § 1988 simply because the plaintiff has lost. In this case, however, the court expressly found that plaintiff's complaint was frivolous. The defendant, accordingly, is entitled to an award of fees, or their reasonable equivalent, under § 1988.
 
 
 27
 Based upon the affidavit submitted by defense counsel, Susan J. Leib, the court finds that defendant's claim of 2 hours of attorney time spent in defending this action is reasonable. The court further finds that defendant's proposed hourly rate of $100 is a reasonable rate for the defense of this action. The defendant is, therefore, entitled to an award of attorney's fees against the plaintiff under § 1988, in the sum of $200.00 (2 hours X $100).
 
 
 28
 For the foregoing reasons, the Clerk is directed to assess attorney's fees in the sum of $200.00 in favor of the defendant and against the plaintiff.
 
 
 29
 SO ORDERED.
 
 
 30
 Dated this 14th day of September, 1992.
 
 
 31
 /s/Robin D. Pierce, U.S. Magistrate Judge
 
 
 32
 cc: Magistrate Pierce
 
 Roche
 Leib
 Order Book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs